Dear Judge Piazza:
Your opinion request of recent date has been assigned to me for resolution. You ask whether an elected ward marshal may concurrently hold the position of housing commissioner, a part-time appointive office appointed by the mayor.
Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law, which provides:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63(D).
The office of ward marshal is a local elective office, while the position of housing commissioner is a part-time appointive office.
The dual officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. An appointment as Commissioner of the Housing Authority for the Town of Marksville is not a full-time appointive office, and therefore the prohibition is not applicable. It is permissible for an individual to hold the part-time appointive office of commissioner and the elective office of ward marshal. For your further reference, note that a full-time position would require a person to work at least seven hours per day of work and at least thirty-five hours per week; a part-time position is less than the number of hours of work defined as full-time. LSA-R.S. 42:62(4) (5).
Despite our conclusion that there is not a technical violation of the dual-officeholding provision, we are cognizant of the fact that there may be an ethical problem with the concurrent holding of these positions. We refer all inquiries suggestive of an ethical problem to the Board of Ethics for Elected Officials, 7434 Perkins Road, Baton Rouge, Louisiana, 70808-4379.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:AMS
Honorable Angelo J. Piazza, III Judge, Marksville City Court P.O. Box 361 Marksville, LA 71351
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL